UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FLETCHLINE, INC. and<br>FLETCHLINE ELETRICAL<br>SERVICES, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>INVATA, LLC d/b/a INVATA<br>INTRALOGISTICS and JOHN DOES<br>1-5,<br><br>    Defendants. | CIVIL ACTION NO.: _____ |

## COMPLAINT

Plaintiffs Fletchline, Inc. ("Fletchline") and Fletchline Electrical Services, LLC ("FES") through counsel, hereby file this Complaint against Defendants Invata, LLC d/b/a Invata Intralogistics ("Invata") and John Does 1-5 (collectively, "Defendants"), stating as follows:

### I. Parties

1.  Fletchline is a Tennessee corporation with its principal place of business at 5480 Lakeview Road, Springfield, Robertson County, Tennessee. Fletchline is a citizen of Tennessee.

2.  FES is a Tennessee limited liability company formed under the laws of the State of Tennessee. Its principal office is located at 5480 Lakeview Road, Springfield, TN 37172. FES' members are Fletchline and Lyons Head Holdings, LLC. Lyons Head Holdings, LLC is a limited liability company whose members are citizens of Florida. Because FES' members are citizens of Tennessee and Florida, FES is a citizen of Tennessee and Florida.

3.  Invata is a Pennsylvania limited liability company with its principal place of business located at 1010 Spring Mill Avenue, Conshohocken, Pennsylvania. Upon information

and belief, its members are citizens of Pennsylvania, and so Invata is a citizen of Pennsylvania. Invata may be served with process through its President and Treasurer, Lawrence Kuhn at 401 E. Elm Street, Conshohocken, Pennsylvania, 19428.

4. Upon information and belief, John Does 1-5 are employees or agents of Invata and are not citizens of Tennessee.

## II. Jurisdiction and Venue

5. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a)(1), as the parties are completely diverse and the amount in controversy exceeds $75,000.00.

6. This Court has personal jurisdiction over the parties by nature of Fletchline's and FES' citizenship in Tennessee, Defendants' contacts with Tennessee through the execution of contracts which were to be performed in part in Tennessee and the commission of some elements of torts in Tennessee, and because a substantial part of the events giving rise to the claim occurred in Tennessee.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred within the bounds of the Middle District of Tennessee.

## III. Facts

8. At all times relevant to this action, Fletchline and FES were in the business of performing mechanical and electrical work involving material handling and conveyor systems.

9. Prior to October 21, 2021, Invata contacted Fletchline and FES representatives to discuss performing work on a project in Aberdeen, Maryland, for a distribution facility for sports apparel and merchandise company Fanatics (the "Fanatics Project").

10. In discussing the plans and specifications for the Fanatics Project, Fletchline and FES both performed planning, design, and other preparatory work in Tennessee. With Invata's approval, Fletchline and FES both performed work on the Fanatics project. Fletchline performed $1,606,483.00 worth of work, and FES performed $2,241,537.00 worth of work. Taking into account all payments, a principal balance of $359,795.55 remains on the Fanatics Project. Purchase orders and invoices on the Fanatics Project are attached hereto as Exhibit A.

11. Prior to April 13, 2022, Invata contacted FES to discussing FES performing work on a project in East Bridgewater, Massachusetts, for a distribution facility for sports apparel and merchandise company 47 Brand (the "47 Brand Project").

12. In discussing the plans and specifications, FES performed planning, design, and other preparatory work in Tennessee. With Invata's approval, FES performed work on the 47 Brand Project. FES performed $280,669.50 worth of work. Invata never made any payment on the 47 Brand invoices. Purchase orders and invoices on the 47 Brand Project are attached hereto as Exhibit B.

13. As a result of Invata's failure to pay FES on the 47 Brand Project, FES issued a demand for payment to Invata and the owner of the 47 Brand Project, 140 Laurel Street Owner, LLC, on November 14, 2022 (the "47 Brand Demand"). A copy of the 47 Brand Demand is attached as Exhibit C.

14. In early December 2022, after having received the 47 Brand Demand, representatives of 140 Laurel Street Owner, LLC had discussions with representatives of Invata regarding the 47 Brand Demand. 140 Laurel Street Owner, LLC was preparing to make a final payment to Invata on the 47 Brand Project, but asked Invata for assurances that FES would be paid from that final payment. Invata representatives, who are the yet-unidentified John Doe

parties, falsely represented to 140 Laurel Street Owner, LLC that FES would be paid from the proceeds of that final payment. This utterance was a knowingly false statement intended to induce 140 Laurel Street Owner, LLC to issue the final payment to Invata, and at the time of the utterance, Invata had no intention of paying FES. In fact, to this day Invata has not made any payment on the 47 Brand Project and neither the owner nor Invata ever raised any issues with the work or made any written rejection of invoices.

## IV. Causes of Action

### FIRST CAUSE OF ACTION – Breach of Contract

15. Fletchline and FES incorporate by reference all proceeding paragraphs as if restated fully herein.

16. Invata entered into contracts with Fletchline and FES in the form of purchase orders accepted through performance and followed with invoices for that work.

17. Fletchline and FES complied with their contractual obligations in good faith and performed all work in a workmanlike manner.

18. Invata did not perform its contractual obligations in good faith and breached the agreement.

19. Invata failed to pay Fletchline and FES the full amount due for the work performed under the agreement, despite its contractual obligations and despite Fletchline's and FES' requests for payment.

20. Invata's failure to pay Fletchline and FES the amounts due under the contracts for the work performed constitutes a breach of contract.

21. As a result of Invata's breach of contract, Fletchline and FES incurred damages of at least $640,465.05.

## SECOND CAUSE OF ACTION - Conversion

22. Fletchline and FES incorporate by reference all proceeding paragraphs as if restated fully herein.

23. After the work had been performed and any applicable time periods for written rejection of invoices had passed, Fletchline and FES had a right to immediate possession of the money owed to it by Invata.

24. Invata converted to its own use the monies to which Fletchline and FES had a right to possession by misappropriating the monies paid to it by the project owners.

25. Invata converted to its own use the monies to which Fletchline and FES had a right to possession by depriving Fletchline and FES, the rightful owners, of said monies.

26. As a result of Invata's conversion of said monies, Fletchline and FES sustained damages in the principal amount of $640,465.05.

## THIRD CAUSE OF ACTION - Fraud in the Inducement

27. Fletchline and FES incorporate by reference all proceeding paragraphs as if restated fully herein.

28. Invata falsely represented to 140 Laurel Street Owner LLC that if the owner paid the retainage to Invata, then Invata would satisfy FES' lien claim. At the time of making this promise, Invata had no intention of performing. Invata made this promise to 140 Laurel Street Owner LLC solely in order to induce the owner to make the retainage payment.

29. 140 Laurel Street Owner LLC reasonably relied on Invata's promise that FES would be paid from the retainage, and it made the retainage payment.

30. Invata did not pay FES.

31. As a result of Invata's false promises to 140 Laurel Street Owner LLC, the owner's reliance on same, and Invata's failure to pay FES, FES has suffered damages.

<u>FOURTH CAUSE OF ACTION - Unjust Enrichment / Quantum Meruit</u>

32. Fletchline and FES incorporate by reference all proceeding paragraphs as if restated fully herein.

33. In the alternative to its breach of contract claim, Fletchline and FES state a claim for recovery of damages under the theories of unjust enrichment or quantum meruit.

34. Fletchline and FES conferred a benefit upon Invata by completing certain work and providing certain improvements pursuant to the purchase orders and requests from the project owners.

35. Invata has knowledge of the benefit provided by Fletchline and FES.

36. Fletchline and FES provided said benefit with the understanding that they would be paid for doing so.

37. Invata has accepted the benefit provided by Fletchline and FES under circumstances which make acceptance inequitable, by nature of accepting the benefit provided by Fletchline and FES without compensating them for said benefit.

38. Invata has been unjustly enriched in an amount no less than $640,465.05, and has retained such monies though same should be paid to Fletchline and FES.

39. Fletchline and FES are entitled to recover from Invata in an amount no less than $640,465.05.

<u>FIFTH CAUSE OF ACTION - Bad Faith and Unfair Dealing</u>

40. Fletchline and FES incorporate by reference all proceeding paragraphs as if restated fully herein.

6

41. Under the agreement entered into by and between Fletchline and FES on one hand and Invata on the other, Invata owed a duty of good faith and fair dealing to Fletchline and FES.

42. By refusing to pay Fletchline and FES for the work performed and the improvements provided, and by retaining sums for work performed which Invata does not dispute, Invata breached the implied duty of good faith and fair dealing.

43. Additionally, by entering into the agreement with Fletchline and FES while intending not to pay for services and improvements, Invata breached the implied duty of good faith and fair dealing.

44. Additionally, by making misrepresentations to 140 Laurel Street Owner LLC to obtain the retainage earmarked for and owned to FES, Invata breached the implied duty of good faith and fair dealing.

45. As a result of Invata's breach of the duty of good faith and fair dealing, Fletchline and FES have suffered damages in an amount no less than $640,465.05.

## V. Prayer for Relief

For the above reasons, Fletchline and FES request the following:

(A) That proper process be issued and served upon Invata requiring Invata to appear and respond to this Complaint;

(B) A judgment against Invata and responsible John Doe Defendants in favor of Fletchline and FES in an amount to be determined at trial, but no less than $640,465.05, plus prejudgment interest from each invoice's due date at the applicable statutory, contractual, or common law rate;

(C) Punitive damages and attorneys' fees for Invata's conversion, fraudulent inducement, and other tortious acts;

(D) Court costs; and

(E) For any and all other relief which this Court finds proper.

                                                        Respectfully submitted,

                                       */s/ John H. Dollarhide*
                                      William R. O'Bryan, Jr. (#05433)
                                      John H. Dollarhide (#40041)
                                      W. Travis Vest (#38842)
                                      **BUTLER SNOW LLP**
                                      150 Third Avenue South, Suite 1600
                                      Nashville, TN 37201
                                      P: 615-651-6700
                                      F: 615-651-6701
                                      bill.obryan@butlersnow.com
                                      john.dollarhide@butlersnow.com
                                      travis.vest@butlersnow.com

67425940.v1