IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLETCHLINE, INC., FLETCHLINE ELECTRICAL SERVICES, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 23-3295 |
| | : | |
| INVATA, LLC, JOHN DOES 1-5 | : | |

# ORDER

**AND NOW**, this 25th day of August 2023, upon reviewing the Complaint (ECF No. 1) consistent with our independent obligation to ensure subject matter jurisdiction before beginning discovery when setting an initial pretrial conference if we can retain jurisdiction, it is **ORDERED**:

1. Plaintiffs shall, no later than **August 30, 2023**, either: (1) voluntarily dismiss without prejudice to proceed in a court enjoying subject matter jurisdiction; (2) file an amended Complaint pleading the parties' citizenship; or (2) **show cause** in a memorandum not exceeding seven pages as to why we should not remand for lack of subject matter jurisdiction[1];

2. Defendants shall, no later than **September 1, 2023** (assuming we retain jurisdiction), file amended disclosure statements required by Federal Rule of Civil Procedure 7.1(a)(1) and (a)(2); and,

3. Plaintiffs' counsel of record with docketed email addresses shall today email this Order to all counsel or record in the transferor District to provide notice before their clients promptly obtain counsel admitted in our District and shall file a certificate confirming compliance with this service obligation by no later than **August 29, 2023.**

_____
KEARNEY, J.

---

[1] Fletchline, Inc. and Fletchline Electrical Services, LLC sued Invata, LLC d/b/a Invata Intralogistics and John Does 1-5 in the United States District Court for the Middle District of Tennessee in February 2023 for breach of contract. They "bear[] the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

The Fletchline entities swore Invata, LLC is a citizen of Pennsylvania because it "is a Pennsylvania limited liability company with its principal place of business located at 1010 Spring Mill Avenue, Conshohocken, Pennsylvania" and "its members are citizens of Pennsylvania."  ECF No. 1 ¶ 3. "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).  Where a partnership or LLC has, as one of its members, another LLC or partnership, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be" to determine the citizenship of the LLC or partnership.  *Id.* (citing *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)).  We cannot determine whether the parties are sufficiently diverse to invoke our subject matter jurisdiction because the Fletchline entities do not plead the citizenship of all members of Invata, LLC at each level of ownership necessary to determine citizenship.

We expect the parties will promptly address our subject matter jurisdiction given this case is over six months old and we expect they may now know their citizenships. But we are further concerned given Invata, LLC's incomplete Rule 7.1 disclosures. ECF No. 24. Invata, LLC identified Invata Intermediate, LLC as its sole member. Invata, LLC then identified Invata Holdings, Inc. as the majority member of Invata Intermediate, LLC and Ayman Labib as the only other member of Invata Intermediate, LLC.  But Invata, LLC did not identify their member citizenships in its Rule 7.1 disclosures.

We need to ensure Mr. Labib's diverse citizenship, not residence. *Walls v. Ahmed*, 832 F. Supp. 940, 942 (E.D. Pa. 1993) (citing *Sun Printing & Pub. Assn. v. Edwards*, 194 U.S. 377 (1904)). "A natural person is deemed to be a citizen of the state where he is domiciled." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). "Domicile" has two elements: "(1) the intent of the person in question to make a particular location their permanent home, and (2) physical presence." *Ahmed*, 832 F. Supp. at 942.

Invata, LLC identified Invata Holdings, Inc. as Invata Intermediate, LLC's majority member but failed to allege Invata Holdings, Inc's principal place of business.  "A corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business." *Gardner ex rel. Booth v. Inglis House Corp.*, 322 F. Supp. 3d 644, 646 (E.D. Pa. 2018). A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332(c)(l).