IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLETCHLINE, INC. and<br>FLETCHLINE ELETRICAL<br>SERVICES, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>INVATA, LLC d/b/a INVATA<br>INTRALOGISTICS and JOHN DOES<br>1-5,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case 2:23-cv-03295-MAK |

**AMENDED COMPLAINT**

Plaintiffs Fletchline, Inc. ("Fletchline") and Fletchline Electrical Services, LLC ("FES") through counsel, hereby file this Complaint against Defendants Invata, LLC d/b/a Invata Intralogistics ("Invata") and John Does 1-5 (collectively, "Defendants"), stating as follows:

**I.    Parties**

1. Fletchline is a Tennessee corporation with its principal place of business at 5480 Lakeview Road, Springfield, Robertson County, Tennessee. Fletchline is a citizen of Tennessee.

2. FES is a Tennessee limited liability company formed under the laws of the State of Tennessee. Its principal office is located at 5480 Lakeview Road, Springfield, TN 37172. FES' members are Fletchline and Lyons Head Holdings, LLC. Lyons Head Holdings, LLC is a limited liability company whose members are citizens of Florida. Because FES' members are citizens of Tennessee and Florida, FES is a citizen of Tennessee and Florida.

3. Invata is a limited liability company formed under the laws of the State of Pennsylvania. Its principal office is located at 1010 Spring Mill Avenue, Conshohocken, PA

19428. Invata's sole member is Invata Intermediate, LLC. (*See* ECF No. 24, Att. A.) Invata Intermediate, LLC's members are Invata Holdings, Inc. and Ayman Labib. (*Id.*) Invata Holdings, Inc. is a Pennsylvania corporation with its principal place of business located at 1010 Spring Mill Avenue, Suite 300, Conshohocken, Pennsylvania, 19428. (*See* Affidavit of Ayman Labib filed in Superior Court of New Britain, Connecticut, case number HHB-CV23-6078068-S, attached hereto as Exhibit D, at ¶¶ 15-16.) Therefore, Invata Holdings, Inc. is a citizen of Pennsylvania. Mr. Labib is domiciled in Massachusetts (*id.* at ¶ 4) and is, therefore, a citizen of Massachusetts. So Invata Intermediate, LLC is a citizen of both Pennsylvania and Massachusetts. In turn, Invata is a citizen of both Pennsylvania and Massachusetts.

4. Upon information and belief, John Does 1-5 are employees or agents of Invata and are not citizens of Tennessee or Florida.

## II.     Jurisdiction and Venue

5. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a)(1), as the parties are completely diverse and the amount in controversy exceeds $75,000.00.

6. This Court has personal jurisdiction over the parties by nature of Fletchline's and FES' consent and by Invata's residence and conduct of business in this district.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2), as Invata resides in this district and a substantial part of the events or omissions giving rise to the claims occurred at Invata's principal office, which is in this district.

## III.     Facts

8. At all times relevant to this action, Fletchline and FES were in the business of performing mechanical and electrical work involving material handling and conveyor systems.

9. Prior to October 21, 2021, Invata contacted Fletchline and FES representatives to discuss performing work on a project in Aberdeen, Maryland, for a distribution facility for sports apparel and merchandise company Fanatics (the "Fanatics Project").

10. In discussing the plans and specifications for the Fanatics Project, Fletchline and FES both performed planning, design, and other preparatory work in Tennessee. With Invata's approval, Fletchline and FES both performed work on the Fanatics project. Fletchline performed $1,606,483.00 worth of work, and FES performed $2,241,537.00 worth of work. Taking into account all payments, a principal balance of $359,795.55 remains on the Fanatics Project. Purchase orders and invoices on the Fanatics Project are attached to the original Complaint as Exhibit A [1-1].

11. Prior to April 13, 2022, Invata contacted FES to discussing FES performing work on a project in East Bridgewater, Massachusetts, for a distribution facility for sports apparel and merchandise company 47 Brand (the "47 Brand Project").

12. In discussing the plans and specifications, FES performed planning, design, and other preparatory work in Tennessee. With Invata's approval, FES performed work on the 47 Brand Project. FES performed $280,669.50 worth of work. Invata never made any payment on the 47 Brand invoices. Purchase orders and invoices on the 47 Brand Project are attached to the original Complaint as Exhibit B [1-2].

13. As a result of Invata's failure to pay FES on the 47 Brand Project, FES issued a demand for payment to Invata and the owner of the 47 Brand Project, 140 Laurel Street Owner, LLC, on November 14, 2022 (the "47 Brand Demand"). A copy of the 47 Brand Demand is attached to the original Complaint as Exhibit C [1-3].

14. In early December 2022, after having received the 47 Brand Demand, representatives of 140 Laurel Street Owner, LLC had discussions with representatives of Invata regarding the 47 Brand Demand. 140 Laurel Street Owner, LLC was preparing to make a final payment to Invata on the 47 Brand Project, but asked Invata for assurances that FES would be paid from that final payment. Invata representatives, who are the yet-unidentified John Doe parties, falsely represented to 140 Laurel Street Owner, LLC that FES would be paid from the proceeds of that final payment. This utterance was a knowingly false statement intended to induce 140 Laurel Street Owner, LLC to issue the final payment to Invata, and at the time of the utterance, Invata had no intention of paying FES. In fact, to this day Invata has not made any payment on the 47 Brand Project and neither the owner nor Invata ever raised any issues with the work or made any written rejection of invoices.

### IV.     Causes of Action

FIRST CAUSE OF ACTION – Breach of Contract

15. Fletchline and FES incorporate by reference all proceeding paragraphs as if restated fully herein.

16. Invata entered into contracts with Fletchline and FES in the form of purchase orders accepted through performance and followed with invoices for that work.

17. Fletchline and FES complied with their contractual obligations in good faith and performed all work in a workmanlike manner.

18. Invata did not perform its contractual obligations in good faith and breached the agreement.

19. Invata failed to pay Fletchline and FES the full amount due for the work performed under the agreement, despite its contractual obligations and despite Fletchline's and FES' requests for payment.

20. Invata's failure to pay Fletchline and FES the amounts due under the contracts for the work performed constitutes a breach of contract.

21. As a result of Invata's breach of contract, Fletchline and FES incurred damages of at least $640,465.05.

SECOND CAUSE OF ACTION - Conversion

22. Fletchline and FES incorporate by reference all proceeding paragraphs as if restated fully herein.

23. After the work had been performed and any applicable time periods for written rejection of invoices had passed, Fletchline and FES had a right to immediate possession of the money owed to it by Invata.

24. Invata converted to its own use the monies to which Fletchline and FES had a right to possession by misappropriating the monies paid to it by the project owners.

25. Invata converted to its own use the monies to which Fletchline and FES had a right to possession by depriving Fletchline and FES, the rightful owners, of said monies.

26. As a result of Invata's conversion of said monies, Fletchline and FES sustained damages in the principal amount of $640,465.05.

THIRD CAUSE OF ACTION - Fraud in the Inducement

27. Fletchline and FES incorporate by reference all proceeding paragraphs as if restated fully herein.

28. Invata falsely represented to 140 Laurel Street Owner LLC that if the owner paid the retainage to Invata, then Invata would satisfy FES' lien claim. At the time of making this promise, Invata had no intention of performing. Invata made this promise to 140 Laurel Street Owner LLC solely in order to induce the owner to make the retainage payment.

29. 140 Laurel Street Owner LLC reasonably relied on Invata's promise that FES would be paid from the retainage, and it made the retainage payment.

30. Invata did not pay FES.

31. As a result of Invata's false promises to 140 Laurel Street Owner LLC, the owner's reliance on same, and Invata's failure to pay FES, FES has suffered damages.

FOURTH CAUSE OF ACTION - Unjust Enrichment / Quantum Meruit

32. Fletchline and FES incorporate by reference all proceeding paragraphs as if restated fully herein.

33. In the alternative to its breach of contract claim, Fletchline and FES state a claim for recovery of damages under the theories of unjust enrichment or quantum meruit.

34. Fletchline and FES conferred a benefit upon Invata by completing certain work and providing certain improvements pursuant to the purchase orders and requests from the project owners.

35. Invata has knowledge of the benefit provided by Fletchline and FES.

36. Fletchline and FES provided said benefit with the understanding that they would be paid for doing so.

37. Invata has accepted the benefit provided by Fletchline and FES under circumstances which make acceptance inequitable, by nature of accepting the benefit provided by Fletchline and FES without compensating them for said benefit.

38. Invata has been unjustly enriched in an amount no less than $640,465.05, and has retained such monies though same should be paid to Fletchline and FES.

39. Fletchline and FES are entitled to recover from Invata in an amount no less than $640,465.05.

### FIFTH CAUSE OF ACTION - Bad Faith and Unfair Dealing

40. Fletchline and FES incorporate by reference all proceeding paragraphs as if restated fully herein.

41. Under the agreement entered into by and between Fletchline and FES on one hand and Invata on the other, Invata owed a duty of good faith and fair dealing to Fletchline and FES.

42. By refusing to pay Fletchline and FES for the work performed and the improvements provided, and by retaining sums for work performed which Invata does not dispute, Invata breached the implied duty of good faith and fair dealing.

43. Additionally, by entering into the agreement with Fletchline and FES while intending not to pay for services and improvements, Invata breached the implied duty of good faith and fair dealing.

44. Additionally, by making misrepresentations to 140 Laurel Street Owner LLC to obtain the retainage earmarked for and owned to FES, Invata breached the implied duty of good faith and fair dealing.

45. As a result of Invata's breach of the duty of good faith and fair dealing, Fletchline and FES have suffered damages in an amount no less than $640,465.05.

### V.   Prayer for Relief

For the above reasons, Fletchline and FES request the following:

(A) A judgment against Invata and responsible John Doe Defendants in favor of Fletchline and FES in an amount to be determined at trial, but no less than $640,465.05, plus prejudgment interest from each invoice's due date at the applicable statutory, contractual, or common law rate;

(B) Punitive damages and attorneys' fees for Invata's conversion, fraudulent inducement, and other tortious acts;

(C) Court costs; and

(D) For any and all other relief which this Court finds proper.

Respectfully submitted,

/s/ Nils Burton Snell
BUTLER SNOW LLP

Nils Burton Snell (PA Bar No. 89455)
321 Norristown Road, Suite 210
Ambler, PA 19002
Tel: (267) 705-4905
Fax: (267) 705-4901
burt.snell@butlersnow.com

William R. O'Bryan, Jr. (TN Bar #05433)
John H. Dollarhide (*PHV motion to be filed*)
W. Travis Vest (*PHV motion to be filed*)
150 Third Avenue South, Suite 1600
Nashville, TN 37201
P: 615-651-6700
F: 615-651-6701
bill.obryan@butlersnow.com
john.dollarhide@butlersnow.com
travis.vest@butlersnow.com

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was served via email on August 28, 2023, upon the following counsel for Invata, LLC:

John R. Jacobson
Jared A. Hagler
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
Phone: 615-320-3700
Fax: 615-320-3737
jjacobson@rjfirm.com
jhagler@rjfirm.com

                                                /s/ Nils Burton Snell
                                                Nils Burton Snell