IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLETCHLINE, INC. and FLETCHLINE ELECTRICAL SERVICES, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>INVATA, LLC d/b/a INVATA INTRALOGISTICS and JOHN DOES 1-5,<br><br>　　　　　Defendant. | Case 2:23-cv-03295-MAK |

ANSWER TO AMENDED COMPLAINT
WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant, Invata, LLC d/b/a Invata Intralogistics ("Invata" or "Defendant"), by and through its undersigned attorneys, Obermayer Rebmann Maxwell & Hippel LLP, hereby files this Answer with Affirmative Defenses and Counterclaims to the Amended Complaint of Plaintiffs, Fletchline, Inc. ("Fletchline") and Fletchline Electrical Services, LLC ("FES" and together with Fletchline, collectively, "Plaintiffs").

## I.　　PARTIES

1.　　Admitted upon information and belief.

2.　　Admitted upon information and belief.

3.　　Admitted in part and denied in part. Invata admits that it is a limited liability company formed under the laws of Pennsylvania and that its principal place of business is located at 1010 Spring Mill Avenue, Conshohocken, Pennsylvania 19428. Invata also admits (1) that Invata's sole member is Invata Intermediate, LLC, (2) that Invata Holdings, Inc. and Ayman Labib are members of Invata Intermediate, LLC, and (3) that Invata Holdings, Inc. is a Pennsylvania

1

corporation with a principal place of business located at 1010 Spring Mill Avenue, Suite 300, Conshohocken, Pennsylvania 19428. Invata denies, however, that Invata Holdings, Inc. and Ayman Labib are the only members of Invata Intermediate, LLC, or that these entities have any contractual or other relationship to Plaintiffs. The allegations remaining in this paragraph are denied as conclusions of law to which no response is required.

4. Denied. Invata lacks knowledge or information sufficient to form a belief as to the truth of the employment status or citizenship of the fictitious "John Does 1-5."

## II.   JURISDICTION AND VENUE

5. Admitted in part and denied in part. Invata admits only that the parties are completely diverse. The allegations remaining in this paragraph, including that the amount in controversy exceeds $75,000.00, are denied.

6. Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied.

7. Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied.

## III.   FACTS

8. Admitted upon information and belief.

9. Admitted upon information and belief.

10. Admitted in part and denied in part. Invata admits only that, Fletchline and FES both performed work on the Fanatics project (the "Fanatics Project"). Invata denies, however, that the work was performed in Tennessee, as the work, in actuality, was performed in Aberdeen, Maryland. Invata further denies the remaining allegations in this paragraph. Invata specifically disputes that the work alleged to have been performed by the Plaintiffs was completed in a

workmanlike manner, or that Invata is indebted to the Plaintiffs. Moreover, to the extent the allegations in this paragraph are premised on the Purchase Orders and invoices issued on the Fanatics Project, such Purchase Orders and invoices are documents that speak for themselves. Accordingly, Invata denies any characterization, interpretation, or paraphrasing of those documents. Further answering, Fletchline and FES did not complete all the work they claimed to have completed, falsified timesheets, did work on unapproved change orders, and did not perform the requested work in a workmanlike manner. Finally, Plaintiffs were directly paid for their alleged work, by Fanatics, Inc. ("Fanatics").

  11. Admitted upon information and belief.

  12. Admitted in part and denied in part. Invata admits only that, FES performed work on the 47 Brand Project (the "47 Brand Project" and collectively with the Fanatics Project, the "Projects"). Invata denies, however, that the work was performed in Tennessee. Invata further denies the remaining allegations in this paragraph. Moreover, to the extent the allegations in this paragraph are premised on the Purchase Orders and invoices, such Purchase Orders and invoices are documents that speak for themselves. Accordingly, Invata denies any characterization, interpretation, or paraphrasing of those documents. Further answering, FES did not complete all the work they claimed to have completed, did work on unapproved change orders, and did not perform the requested work in a workmanlike manner. Finally, Plaintiffs were directly paid for their alleged work, by Fanatics.

  13. Denied. Invata denies that it failed to, or had any obligation to, pay FES on the 47 Brand Project. The allegations remaining in this paragraph are premised on the demand dated November 14, 2022 (the "47 Brand Demand"), which is attached to the original Complaint and is a document that speaks for itself. As such, any characterization of the 47 Brand Demand and its

contents is denied. Further, Plaintiffs received payment directly from Fanatics in excess of $1.5 million dollars.

14. Denied. Invata lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as the allegations relate to discussions between representatives of a company other than Invata and fictitious people or entities. Without knowing the names of John Does 1-5 (the "John Does"), Invata cannot be sure they are employees or agents of Invata and cannot state with any certainty what they did or did not say. Invata also denies the allegations in this paragraph as conclusions of law to which no response is required. If a response is required, the allegations are denied.

### IV.   CAUSES OF ACTION

#### FIRST CAUSE OF ACTION – Breach of Contract

15. Invata incorporates by reference each of the preceding paragraphs.

16. Admitted in part and denied in part. Invata admits that it entered into contracts with Fletchline and FES. The remaining allegations in this paragraph are denied because (1) they represent conclusions of law to which no response is required and (2) they purport to characterize a writing that speaks for itself.

17. Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied. By way of further response, Fletchline and FES did not comply with their contractual obligations in good faith, and they failed to perform all work in a workmanlike manner, as neither Fletchline nor FES completed all the work they claim to have completed, and they falsified timesheets, did work on unapproved change orders. Further, Plaintiffs received over $1,500,000,00 directly from Fanatics, discharging Invata from any claims relating to Fanatics.

4895-4720-2685 v3

18.     Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied. The remaining allegations in this paragraph are denied, as they purport to characterize a vague, unidentified writing that, in any event, would speak for itself.

19.     Denied. Invata denies it is obligated to pay the amounts Plaintiffs claim are due and owing as these amounts are offset by the fact that Plaintiffs did not complete all the work they claim they did, falsified timesheets, did work on unapproved change orders, and did not perform the requested work in a workmanlike manner, and were paid over $1,500,000.00 directly by Fanatics. Invata further denies these allegations as it is unclear what agreement Plaintiffs are referring to in this paragraph. By way of further response, any contracts are documents that speak for themselves. As such, any characterization of any contracts and their contents are denied. Invata further denies these allegations as conclusions of law to which no response is required. If a response is required, the allegations are denied.

20.     Denied. Invata denies the allegations in this paragraph as conclusions of law to which no response is required. If a response is required, the allegations are denied. Invata further denies the allegations in this paragraph as it is unclear what contracts Plaintiffs are referring to in this paragraph. By way of further response, Invata further denies the allegations in this paragraph as any contracts are documents that speak for themselves. As such, any characterization of any contracts and their contents are denied.

21.     Denied. Invata denies the allegations in this paragraph as conclusions of law to which no response is required. If a response is required, the allegations are denied. Invata denies the amounts claimed as due and owing by Plaintiffs in this paragraph as these amounts are subject to set-off by the fact that Plaintiffs did not perform all the work they claim they did, falsified timesheets, did work on unapproved change orders, and did not complete the requested work in a

workmanlike manner. Moreover, Invata is entitled to a set-off for any monies paid by third parties, like Fanatics, to Fletchline and FES.

## SECOND CAUSE OF ACTION – Conversion

22.     Invata incorporates by reference each of the preceding paragraphs.

23.     Denied. Invata denies the allegations in this paragraph as conclusions of law to which no response is required. If a response is required, the allegations are denied. Invata further denies the allegations in this paragraph as it is unclear what invoices Plaintiffs are referring to in this paragraph. Invata further denies the allegations in this paragraph, as any invoices are documents that speak for themselves. As such, any characterization of any invoices and their contents are denied.

24.     Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied.

25.     Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied.

26.     Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied. Invata denies the amounts claimed as due and owing by Plaintiffs in this paragraph as these amounts are offset by the fact that Plaintiffs did not perform all the work they claim they did, falsified timesheets, did work on unapproved change orders, and did not complete the requested work in a workmanlike manner. Further, Plaintiffs received payment directly from Fanatics in excess of $1.5 million dollars.

## THIRD CAUSE OF ACTION – Fraud in the Inducement

27.     Invata incorporates by reference each of the preceding paragraphs.

28. Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied.

29. Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied.

30. Denied. Plaintiffs have been paid substantial monies by third parties, including Fanatics, which discharges any obligations Invata allegedly has to Plaintiffs relating to Fanatics.

31. Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied. Invata denies the amounts claimed as due and owing by Plaintiffs in this paragraph as these amounts are offset by the fact that Plaintiffs did not perform all the work they claim they did, falsified timesheets, did work on unapproved change orders, and did not complete the requested work in a workmanlike manner. Further, Plaintiffs received over $1,500,000,00 directly from Fanatics, discharging Invata from any claims relating to Fanatics.

FOURTH CAUSE OF ACTION – Unjust Enrichment/Quantum Meruit

32. Invata incorporates by reference each of the preceding paragraphs.

33. Denied as conclusions of law to which no response is required. To the extent the remaining allegations are deemed factual in nature, they are denied.

34. Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied. Invata denies they owe the demanded amounts as Plaintiffs did not perform all the work they claim they did, falsified timesheets, did work on unapproved change orders, and did not complete the requested work in a workmanlike manner. Invata further denies the allegations in this paragraph as it is unclear what purchase orders Plaintiffs are referring to in this paragraph. Invata further denies the allegations in this paragraph, as any purchase orders

are documents that speak for themselves. As such, any characterization of any purchase orders and their contents are denied.

35. Denied as conclusions of law to which no response is required. If the allegations in this paragraph are deemed factual in nature, they are denied.

36. Denied as conclusions of law to which no response is required. If the allegations in this paragraph are deemed factual in nature, they are denied.

37. Denied as conclusions of law to which no response is required. If the allegations in this paragraph are deemed factual in nature, they are denied.

38. Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied. Invata denies the amounts claimed as due and owing by Plaintiffs in this paragraph as these amounts are offset by the fact that Plaintiffs did not perform all the work they claim they did, falsified timesheets, did work on unapproved change orders, and did not complete the requested work in a workmanlike manner. Further, Plaintiffs received payment directly from Fanatics in excess of $1.5 million dollars.

39. Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied. Invata denies the amounts claimed as due and owing by Plaintiffs in this paragraph as Plaintiffs did not perform all the work they claim they did, falsified timesheets, did work on unapproved change orders, and did not complete the requested work in a workmanlike manner. Further, Plaintiffs received payment directly from Fanatics in excess of $1.5 million dollars.

<u>FIFTH CAUSE OF ACTION – Bad Faith and Unfair Dealing</u>

40. Invata incorporates by reference each of the preceding paragraphs

41. Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied.

42. Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied. Invata denies the amounts claimed as due and owing by Plaintiffs in this paragraph as Plaintiffs did not perform all the work they claim they did, falsified timesheets, did work on unapproved change orders, and did not complete the requested work in a workmanlike manner.

43. Denied as conclusions of law to which no response is required. Invata further denies the allegations in this paragraph, as any agreement is a document that speaks for itself. As such, any characterization of any agreement and its contents are denied. Invata further denies the allegations in this paragraph as conclusions of law to which no response is required. If a response is required, the allegations are denied.

44. Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied.

45. Denied as conclusions of law to which no response is required. If a response is required, the allegations are denied. Invata denies the amounts claimed as due and owing by Plaintiffs in this paragraph as Plaintiffs did not perform all the work they claim they did, falsified timesheets, did work on unapproved change orders, and did not complete the requested work in a workmanlike manner. Further, Plaintiffs received payment directly from Fanatics in excess of $1.5 million dollars.

## V.   PRAYER FOR RELIEF

For the above-stated reasons, Defendant, Invata, LLC d/b/a Invata Intralogistics, respectfully demands judgment in its favor and against Plaintiffs, Fletchline, Inc. and Fletchline

Electrical Services, LLC, dismissing the Plaintiffs' Complaint with prejudice and providing such other and further relief that this Court deems equitable and just.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs fail to state claims for which relief can be granted.

2. Plaintiffs themselves are in breach of their contractual arrangements with Invata.

3. Plaintiffs' claims have been satisfied or partially satisfied by payment.

4. Invata did not receive the benefits Plaintiffs claim it received.

5. Plaintiffs' claims are barred due to Plaintiffs' unclean hands.

6. Plaintiffs failed to act in a commercially reasonable manner.

7. Plaintiffs breached the duty of good faith and fair dealing.

8. Plaintiffs lack standing to bring the Amended Complaint.

9. Plaintiffs' claims are barred by the applicable statute of limitations.

10. Plaintiffs' claims are barred due to equitable estoppel.

11. Plaintiffs' claims are barred as they would unjustly enrich Plaintiffs.

12. Invata does not owe the amounts alleged by Plaintiffs in the Amended Complaint.

13. Plaintiffs' claims are barred by the statute of frauds.

14. Plaintiffs' claims are barred by the doctrine of laches.

15. Plaintiffs have failed to mitigate any damages allegedly sustained.

16. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

17. Plaintiffs' claims are barred by the doctrine of res judicata.

18. Plaintiffs' claims are barred by the doctrine of consent.

19. Plaintiffs' claims are barred by the doctrine of collateral estoppel.

20. Plaintiffs' claims are barred by fraud.

21. Plaintiffs' claims are barred by illegality.

22. Plaintiffs' claims are barred by the doctrine of release.

23. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

24. Plaintiffs' claims are barred as Plaintiffs did not perform all the work they claim they did.

25. Plaintiffs' claims are barred as Plaintiffs committed fraud in their performance, by falsifying financial records.

26. Plaintiffs' claims are barred as Plaintiffs did not perform the requested work in a workmanlike manner.

27. Plaintiffs' claims are barred by the doctrine of set-off.

28. Plaintiffs' claims are barred as this Court does not have jurisdiction over the instant matter because the amount in controversy does not meet the $75,000.00 threshold required for subject matter jurisdiction premised on diversity.

## **RESERVATION OF RIGHTS**

Invata reserves the right to assert any defense not expressly stated herein that may become available to it as facts are determined over the course of the discovery process.

4895-4720-2685 v3

**COUNTERCLAIMS BY INVATA, LLC D/B/A INVATA INTRALOGISTICS**

Counterclaim Plaintiff, Invata, by way of Counterclaims against Counterclaim Defendants, Fletchline and FES, states as follows:

### I.   PARTIES

1. Counterclaim Plaintiff Invata is a limited liability company formed under the laws of the Commonwealth of Pennsylvania with a principal office located at 1010 Spring Mill Avenue, Conshohocken, PA 19428.

2. Counterclaim Defendant Fletchline is a Tennessee corporation with its principal place of business at 5480 Lakeview Road, Springfield, Robertson County, Tennessee.

3. Counterclaim Defendant FES is a Tennessee limited liability company formed under the laws of the State of Tennessee. Its principal office is located at 5480 Lakeview Road, Springfield, TN 37172. FES has two members: (1) Fletchline, which, as alleged above, is a Tennessee corporation with its principal place of business located in Tennessee; and (2) Lyons Head Holdings, LLC, whose members are all citizens of Florida.

### II.   JURISDICTION

4. This court has jurisdiction over Invata's Counterclaims, as each of the parties is diverse, and this court has jurisdiction over Invata, Fletchline, and FES and the Counterclaims under Title 28, Section 1332 of the United States Code (28 U.S.C. § 1332(a)).

5. Venue is proper with respect to Invata's Counterclaims as all events leading up to this dispute took place in Pennsylvania.

### III.   BACKGROUND

6. In 2021, Invata contracted with Fletchline and FES to perform mechanical and electrical work involving material handling and conveyor systems on the Projects.

7. In conjunction with the Projects, Fletchline and FES received purchase orders (the "Purchase Orders") and change orders from Invata and performed work and provided products pursuant to the Purchase Orders and change orders.

8. All change orders had to be approved and signed by Invata.

9. After Invata approved and signed the change orders, Fletchline and FES invoiced Invata for the work they completed on the Projects. The invoices included the timesheets of Fletchline and FES employees.

10. Over the course of their relationship with Invata, Fletchline and FES received payment directly from Fanatics in excess of $1.5 million dollars.

11. Beginning in April of 2022, Invata became aware that Fletchline was falsifying timesheets submitted to Invata.

12. These falsifications included overstating the time spent and the work done by employees and stating that work was done on the Projects by employees who were never actually on site.

13. Additionally, around April of 2022, Invata became aware that Fletchline and FES were working on and invoicing Invata for change orders that never existed or that Invata had never signed off on or otherwise approved.

14. In September of 2022, Invata also became aware that the work done by Fletchline and FES pursuant to the Purchase Orders was either not being done at all or not being done in a workmanlike manner.

15. Specifically, there were numerous issues with wiring done by Fletchline and FES, including but not limited to, wiring being done incorrectly and wiring not being up to Invata's SPC Wiring Specification

16. Invata communicated these issues in work quality to Fletchline and FES, sending Fletchline and FES pictures and punch lists of items on the Projects that needed to be fixed or reworked.

17. Despite their misrepresentations and falsifications, Fletchline and FES still believe Invata owes them additional funds for the work performed on the Projects and instituted the instant action on February 17, 2023, in the Middle District of Tennessee.

18. The instant action was subsequently transferred to the Eastern District of Pennsylvania on August 24, 2023, and on August 28, 2024, Fletchline and FES filed the Amended Complaint.

19. Invata now brings the following counterclaims in response to the Amended Complaint.

## **COUNT I - FRAUD**

20. Invata repeats and realleges all previous allegations as if set forth full herein.

21. As detailed above, concerning the Projects, Fletchline and FES did not perform all the work they claimed they did, falsified timesheets, did work on unapproved change orders, and did not complete the requested work in a workmanlike manner.

22. In doing so, Fletchline and FES made countless misrepresentations and fraudulent statements to Invata, including:

   a. Falsifying timesheets submitted to Invata by overstating the time spent and the work done by employees on the Projects;

   b. Stating that work was done on the Projects by employees who were never actually on site for either of the Projects;

  c. Working on and invoicing Invata for change orders never signed off on or otherwise approved by Invata;

  d. Working on and invoicing Invata for change orders that did not exist; and

  e. Not completing work pursuant to the Purchase Orders either at all or not in a workmanlike manner.

23. Specifically, concerning the timesheets submitted to Invata, Fletchline, and FES fraudulently misrepresented the amount of time spent and the work done on the Projects and made fraudulent statements on the timesheets submitted to Invata by stating that work was done by employees who were never actually on site for the Projects.

24. In addition, Fletchline and FES fraudulently performed work for change orders that Invata never signed off on or otherwise approved and even completed work for change orders that never existed.

25. With respect to the Projects, Fletchline and FES acted with the express fraudulent intent of enriching themselves at the expense of Invata.

26. Fletchline and FES' false representations and omissions of material facts to Invata with respect to the Projects induced Invata to expend significant capital, time, effort, and resources into Fletchline and FES' fraudulent scheme.

27. Specifically, Fletchline and FES' falsification of timesheets and charging Invata for work Fletchline and FES never performed caused the amount due from Invata to Fletchline and FES to increase

28. Concerning the Projects, Invata reasonably relied upon Fletchline and FES' representations.

29. As a direct and proximate result of this reliance, Invata has been damaged and suffered other losses in an amount to be proven at trial.

30. Fletchline and FES acted willfully, maliciously, outrageously, in bad faith, and with reckless indifference to the interests of Invata, warranting the imposition of punitive damages.

### COUNT II – BREACH OF CONTRACT

31. Invata repeats and realleges all previous allegations as if set forth full herein.

32. The Purchase Orders sent by Invata to Fletchline and FES constituted valid and enforceable contracts between Invata and Fletchline and Invata and FES, respectively.

33. Fletchline and FES breached the Purchase Orders when they failed to perform work as promised under the Purchase Orders.

34. Fletchline and FES breached the Purchase Orders when they failed to do the work promised under the Purchase Orders in a workmanlike manner.

35. Due to Fletchline and FES' breach of their obligations under the Purchase Orders, Invata has been damaged and suffered other losses in an amount to be proven at trial.

36. Fletchline and FES' breach of their obligations under the Purchase Orders is the direct and proximate cause of Invata's damages.

### COUNT III – UNJUST ENRICHMENT

37. Invata repeats and realleges all previous allegations as if set forth full herein.

38. As detailed above, concerning the Projects, Fletchline and FES did not perform all the work they claimed they did, falsified timesheets, did work on unapproved change orders, and did not complete the requested work in a workmanlike manner.

39. Fletchline and FES' false representations and omissions of material facts to Invata with respect to the Projects induced Invata to expend significant capital and resources into Fletchline and FES' fraudulent scheme.

40. Fletchline and FES have obtained the above-described benefits to which they are not entitled, including the diversion and receipt of Invata's assets, resources, and capital.

41. Fletchline and FES have been enriched by their unlawful actions at the expense of Invata.

42. It would be inequitable for Fletchline and FES to retain the improperly obtained benefits.

43. Due to Fletchline and FES' false representations and omissions of material facts to Invata with respect to the Projects, Invata has suffered damages in an amount to be proven at trial.

## **COUNT IV – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

44. Invata repeats and realleges all previous allegations as if set forth full herein.

45. Concerning the Projects, Fletchline and FES owed Invata a duty of good faith and fair dealing.

46. By not performing all the work they claim they did, falsifying timesheets and change orders, and not performing the requested work in a workmanlike manner on the Projects, Fletchline and FES breached the implied duty of good faith and fair dealing.

47. Further, by accepting the purchase orders while intending to claim they performed work they did not, falsify timesheets and change orders, and not complete the work promised under the purchase orders in a workmanlike manner, Fletchline and FES breached the implied duty of good faith and fair dealing.

4895-4720-2685 v3

48. As a result of Fletchline and FES' breach of the implied duty of good faith and fair dealing, Invata has suffered damages in an amount to be proven at trial.

**WHEREFORE**, Counterclaim-Plaintiff, Invata, LLC d/b/a Invata Intralogistics, hereby demands judgment and relief in his favor and against Fletchline, Inc. and Fletchline Electrical Services, LLC, as follows:

a. Compensatory damages;

b. Consequential damages;

c. Special damages;

d. Punitive damages;

e. Attorneys' fees and costs incurred in connection with this action; and

f. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

By: */s/Edmond M. George*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
OBERMAYER REBMANN MAXWELL
& HIPPEL LLP
Centre Square West, Suite 3400
1500 Market Street
Philadelphia, PA 19102
P: 215.665.3000
F: 215.665.3165
Email: edmond.george@obermayer.com
Email: michael.vagnoni@obermayer.com
*Attorneys for Defendant*

Dated: September 12, 2023

4895-4720-2685 v3

## CERTIFICATE OF SERVICE

I, Edmond M. George, hereby certify that I electronically filed this Answer, Affirmative Defenses and Counterclaims ("Answer") with the Clerk of Court, using the CM/ECF system, which automatically will send notification of the filing to all counsel of record and I emailed a copy of the Answer to the following counsel:

William R. O'Bryan, Jr.
bill.obryan@butlersnow.com

Nils Burton Snell
burt.snell@butlersnow.com

                                           */s/Edmond M. George*
                                           Edmond M. George, Esquire

Dated: September 12, 2023

4895-4720-2685 v3